**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JAMIE MARROQUIN, Individually and** | § | |
| **as Next Friend of Minor children, J.M.M.** | § | |
| **and J.M.,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | **5:21-CV-01041** |
| | § | |
| **NORTHSIDE INDEPENDENT** | § | |
| **SCHOOL DISTRICT, ET AL,** | § | |
| **Defendants.** | § | |

**INDEX OF MATTERS BEING FILED**

1. 285th District Court Case Summary / Case No. 2021-CI-21250       Exhibit 1

2. Plaintiffs' Original Petition for Declaratory Judgment, Application
   for temporary Restraining Order, and Application for Temporary
   and Permanent Injunction (10/06/21)       Exhibit 2

3. Motion to Substitute Counsel (10/13/21)       Exhibit 3

4. Order Granting Plaintiffs' Motion to Substitute Counsel (10/13/21)       Exhibit 4

5. Plaintiffs' Amended Original Petition for Application for
   Temporary Restraining Order and Temporary and Permanent
   Injunction and Declaratory Judgment (10/13/21)       Exhibit 5

6. Proposed Temporary Restraining Order (10/14/21)       Exhibit 6

7. Order Granting Plaintiffs' Motion to Substitute Counsel (10/14/21)       Exhibit 7

8. Order Setting Hearing on Temporary Injunction (executed on 10/14/21)       Exhibit 8

9. Judge's Notes (10/14/21)       Exhibit 9

10. Order Denying Temporary Restraining Order (executed on 10/15/21)       Exhibit 10

11. Request for Process (10/18/21)       Exhibit 11

12. Citation (10/18/21)       Exhibit 12

# EXHIBIT 1

285th District Court

## Case Summary

### Case No. 2021CI21250

| | | |
|---|---|---|
| **Jamie Nicole Marroquin VS Northside Independent School District ET AL** | § § § | Location: **285th District Court**<br>Judicial Officer: **285th, District Court**<br>Filed on: **10/06/2021** |

---

## Case Information

Case Type: OTHER CIVIL CASES
Case Status: **10/06/2021  Pending**

## Assignment Information

**Current Case Assignment**
Case Number    2021CI21250
Court    285th District Court
Date Assigned    10/06/2021
Judicial Officer    285th, District Court

## Party Information

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Marroquin, Jamie Nicole** | **CANSECO, FRANCISCO R**<br>*Retained* |
| | **Marroquin, Jamie** | **CANSECOCO, FRANCISCO R**<br>*Retained* |
| **Defendant** | **Northside Independent School District** | |
| | **Woods, Bryan T.** | |

## Events and Orders of the Court

10/06/2021    New Cases Filed (OCA)

10/06/2021    PETITION

10/13/2021    MOTION TO SUBSTITUTE ATTORNEY

10/13/2021    PROPOSED ORDER
        *GRANTING MOTION TO SUBSTITUTE ATTORNEY*

10/13/2021
AMENDED PETITION
        *FOR APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY AND PERMANENT INJUNCTIONS AND DECLARATORY JUDGMENT*

10/14/2021    PROPOSED ORDER

10/14/2021    TEMPORARY RESTRAINING ORDER (OCA)    (Judicial Officer: ALVAREZ, MARY LOU)

10/14/2021
ORDER TO SUBSTITUTE    (Judicial Officer: ALVAREZ, MARY LOU)
        *ATTORNEY FRANCISCO CANSECO IN PLACE OF CESAR MONTALVOIS AS COUNSEL OF RECORD FOR JAMIE MARROQUIN*

10/15/2021    HEARING/TRIAL CRT REPORTER ASSIGNED
        *FROM 10/14/21-LINDA HERNANDEZ*

285th District Court

## Case Summary

**Case No. 2021CI21250**

| | | |
|---|---|---|
| 10/15/2021 | JUDGES DOCKET NOTES *FROM 10/14/21* | (Judicial Officer: ALVAREZ, MARY LOU) |
| 10/15/2021 | TEMPORARY RESTRAINING ORDER (OCA) | (Judicial Officer: ALVAREZ, MARY LOU) |
| 10/18/2021 | REQUEST FOR SERVICE AND PROCESS | |
| 10/18/2021 | **Citation** Northside Independent School District Unserved | |
| 10/18/2021 | **Notice** Northside Independent School District Unserved | |
| 10/28/2021 | **SETTING ON TEMPORARY INJUNCTION** (9:00 AM) | |
| 10/28/2021 | **SETTING ON TEMPORARY INJUNCTION** (9:00 AM) | |

# EXHIBIT 2

FILED
10/6/2021 4:14 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Maria Jackson

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA.

## NO. <u>2021CI21250</u>

| | | |
|---|---|---|
| **JAMIE MARROQUIN,** | § | **IN THE DISTRICT COURT** |
| **INDIVIDUALLY** AND AS NEXT | § | |
| FRIEND OF MINOR CHILDREN J.M.M | § | |
| AND J.M. | § | |
| **PLAINTIFFS,** | § | Bexar County - 285th District Court |
| | § | |
| **V.** | § | _____ **JUDICIAL** |
| | § | **DISTRICT** |
| | § | |
| **NORTHSIDE INDEPENDENT** | § | |
| **SCHOOL DISTRICT ET AL.** | § | |
| **DEFENDANTS.** | § | **OF BEXAR COUNTY, TEXAS** |

## <u>ORIGINAL PETITION FOR DECLARATORY JUDGMENT, APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND APPLICATION FOR TEMPORARY AND PERMAMANT INJUNCTION</u>

## TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Jamie Marroquin, Individually and next of friend for J.M.M. and J.M,

Plaintiff herein, filing this "Original Petition for Declaratory Judgment, Application for Temporary

Restraining Order, and Application for Temporary and Permanent Injunction", pursuant to the

Texas Uniform Declaratory Judgments Act, Chapter 37 of the Texas Civil Practice and Remedies

Code, against Northside Independent School District, (herein after referred as "NISD") and Dr.

Brian T. Woods (herein after referred as "Woods") seeking to enjoin the Defendants from

enforcing their illegal mask mandates in the district and further prohibiting persons from entry on

school grounds when they refuse to comply, in direct violation of Gov. Abbott's Exec. Order GA-

38. Plaintiffs would show the Court the following:

## I. DISCOVERY CONTROL PLAN LEVEL

1

ORIGINAL PETITION FOR DECLARATORY JUDGMENT, APPLICATION FOR
TEMPORARY RESTRAINING ORDER, AND APPLICATION FOR TEMPORARY AND
PERMANENT INJUNCTION

1.      Plaintiff intends that discovery be conducted under Discovery Level 3.

## II.  PARTIES AND SERVICE

2.1      Plaintiff, Jamie Nicole Marroquin brings this action individually and as next of friend to her two minor children, J.M.M. and J.M., who are also students that attend NISD. Plaintiff and children reside in Bexar County, Texas.

2.2      Defendant NISD, may be served with process by serving its superintendent, Dr. Brian T. Woods. He may be served at the following address: 5900 Evers Road, San Antonio TX 78238 or wherever may be found.

2.3      Defendant Dr. Brian T. Woods is sued in his official capacity as superintendent of NISD and may be served with process at his place of employment at the following address:  5900 Evers Road, San Antonio, TX 78238, or wherever may be found.

## III.  JURISDICTION AND VENUE

3.1      The subject matter in controversy is within the jurisdictional limits of this court.

3.2      Plaintiff seeks:

a.      monetary relief of $250,000 or less and non-monetary relief.

3.3.      This court has jurisdiction over the parties because Defendants are Texas residents.

3.4      Venue in Bexar County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV.  FACTS

4.1      Northside Independent School District is a public school district serving students

2

ORIGINAL  PETITION  FOR  DECLARATORY  JUDGMENT,  APPLICATION  FOR
TEMPORARY  RESTRAINING  ORDER,  AND  APPLICATION  FOR  TEMPORARY  AND
PERMANENT INJUNCTION

primarily in the city of San Antonio, TX and began classes on August 16th, 2021.

4.2    Approximately two weeks before classes started, on July 29th, 2021, Governor Greg Abbott issued executive order GA-38 which states in pertinent part:

> "No governmental entity, including a county, city, school district, and public health authority, and no governmental official may require any person to wear a face covering or to mandate that another person wear a face covering [other than hospitals and jails]. Exhibit 1.

4.3    GA-38 also specifically superseded any face-covering requirement imposed by any local government entity or official and made any such action illegal as a "failure to comply with" GA-38 and made individuals subject to a $100 fine.

4.4 On August 17th, 2021, the District and the Superintendent Woods announced that their schools will be enforcing a face-covering policy that went into effect on August 23rd, 2021. To date, the policy requiring face-coverings is in full effect. NISD has been issuing "Criminal Trespass Warnings" or CTW to parents that do not comply with the face-covering mandate and prohibit students from attending classes if they do not comply.

4.5 NISD has proffered no guidance as to what a satisfactory face-covering will be and does not permit an exemption based on religion, health, or conscience.

4.5    On August 24th, 2021, the Plaintiff attended an open school board meeting in order to address the aforementioned issues with NISD. She sat in the seat quietly without a face-covering. When she refused to wear a face-covering and stated that she had a medical exemption, NISD police physically lifted her with her chair and forcibly removed her from the meeting.

3

ORIGINAL PETITION FOR DECLARATORY JUDGMENT, APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION

4.6     On September 21st, 2021, The Plaintiff received a certified letter from the district stating that the Plaintiff was prohibited from entering on school grounds which includes open board meetings, or she will be subject to removal or arrest. Exhibit 2

4.7     The Plaintiff has requested on multiple occasion to pursue grievance and appeals procedure through the district channels in order to address the prohibition from school grounds and alienation of her children. It was not until she had retained counsel and made demand on NISD that the district offered to assist with the grievance procedure. Exhibit 3 - Unsworn Declaration.

## V.  RELIEF REQUESTED

Incorporation of the Mandamus Relief Sought by Gov. Abbott.

5.1     Gov. Abbott has filed a Petition for Writ of Mandamus filed in the Fifth District Court of Appeals. Styled In Re: Greg Abbott, Cause No. 05-21-00687-CV, the Petition states that the Governor's executive orders have the full effect and force of law, and local authorities do not have the legal authority to countermand Governor Abbott's command. Local authorities are part of the Texas Governor's disaster team and are not free to go wilding with their own peculiar political peccadilloes and create their own laws.

Incorporation of The Texas Supreme Court Order Cause 21-0720 *Greg Abbott, in his official capacity as Governor of Texas v. City of San Antonio and County of Bexar.*

5.2     The Supreme Court of Texas has stated that the status quo to date is for the Governor to preempt state and local government:

"...Rather, these cases ask courts to determine which government officials have the legal authority to decide what the government's position on such questions will be. The status quo, for many months, has been gubernatorial oversight of such decisions at both the state and local levels. That status quo should remain in place while the court of appeals, and potentially this

4

Court, examine the parties' merits arguments to determine whether plaintiffs have demonstrated a probable right to the relief sought. Exhibit 4.

## VI. Cause of Action - Declaratory Judgement

6.1    There exists a genuine controversy between the parties herein that would be terminated by the granting of declaratory judgment. Plaintiff therefore requests that declaratory judgment be entered as follows:

A.    That NISD's mask mandate is in direct violation of Governor's Executive Order GA-38 and GA-38 preempts NISD mask policy.

B.    The Plaintiff and her children are permitted to attend their school without being forced to wear a face covering against the NISD's mask mandate currently in place.

## VII. Cause of Action II – Violation of the Texas Open Meetings Act

7.1    Open meetings of government entities that exclude any person violate the Texas Open Meetings Act, found at sec. 551.002 of the Texas Government Code, which stipulates that "[e]very regular, special, or called meeting of a gov'l body shall be open to the public...".

**The Defendants unilaterally created their own law by mandating face- covering in violation of GA-38. Then, the Defendants enforced their illegal law against the Plaintiff to violate the Texas Open Meetings Act.**

## VIII. Application for Temporary Restraining Order

8.1    Conditions Precedent.  All conditions precedent have been performed or have occurred.

5

Original Petition for Declaratory Judgment, Application for Temporary Restraining Order, and Application for Temporary and Permanent Injunction

8.2     Plaintiff requests a temporary restraining order ("TRO"), to protect the status quo, by preventing Defendants from enforcing their prohibition against non-mask wearing students entering school until the Court issues a temporary injunction, or the case can be adjudicated.

8.3     The comparative injury, or balance of equities and hardships, to the parties and to the public interest, support granting a temporary restraining order; Plaintiff is only asking the Court to preserve the status quo, and require the Defendants cease from enforcing their prohibition, which is damaging Plaintiff's constitutional rights to a public education.

8.4     There is no adequate remedy at law that will give Defendants full relief, because Defendants' actions are illegal, and Plaintiffs suffer from diminished value of their education. Each day, the Plaintiff suffers significant irreparable damage to due process of law and education. Plaintiffs' total damages cannot be measured with certainty, and it is neither equitable, nor conscionable, to allow Defendants to violate state law.

8.5     The loss of constitutional freedoms for, "even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373 (1976). This is no less true for statutory-based freedoms, such as the right to a free and appropriate public education.

8.6     The harm to the Plaintiff, if this TRO is denied, will be significant and irreparable. If this Court allows NISD to continue their illegal acts, Plaintiff's children face a

ORIGINAL PETITION FOR DECLARATORY JUDGMENT, APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION

diminished educational experience and their parents will continue to be excluded from their children's educational growth.

8.7     The Plaintiffs are entitled to a TRO, because Defendants can show no harm to the ISD, in granting the relief requested. Defendants violated the legal process and the Texas Open Meetings Act. Enjoining an already illegal, and unconstitutional policy does not cause harm to the Defendants.

8.9     Therefore, Plaintiff respectfully requests that this Court issue a temporary restraining order against the Defendants – restraining them, their agents,

representatives, employees, or anyone acting on their behalf, including teachers –

until further order of the Court; and from taking any actions to enforce the mask

policy, or any iteration thereof against Plaintiffs, including but not limited to, permitting Plaintiffs access to school without a mask.

8.10    <u>Length of TRO</u>. Plaintiff requests that the TRO last for fourteen days from the issue date of the order.

8.11    <u>Bond</u>. Because Plaintiff seeks a TRO, it must post a bond. As Defendants are state actors which will suffer no damage, Plaintiffs request bond be set at $10.00.

## IX. APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION

7

ORIGINAL PETITION FOR DECLARATORY JUDGMENT, APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION

9.1     Plaintiff will suffer immediate and irreparable injury, loss, or damage if Defendants' conduct described above is not enjoined for these reasons: Plaintiff's children will continue to suffer a lackluster education filled with anxiety and undue stress. Plaintiff will suffer continued alienation from her children and continued loss of consortium.

9.2     There is no adequate remedy at law that will give Plaintiffs full relief, because denial of an unmasked education should be addressed immediately.

9.3     The comparative injury, or balance of equities and hardships, to the parties and to the public interest, support granting injunctive relief; the Plaintiff is only asking the Court to preserve the status quo, and require Defendants to cease unlawfully infringing upon Plaintiff's constitutional rights – with a temporary, and then permanent injunction. Plaintiffs seek to enjoin the Defendants from preventing the Plaintiffs from attending school functions and activities, issuing any warnings to prevent the Plaintiffs from attending school functions and activities; or any iteration of these acts.

## X.  ATTORNEY'S FEES

10.1    Pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code, request is made for all costs and reasonable and necessary attorney's fees incurred by Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just.

## XI. JURY TRIAL DEMAND

71. Plaintiffs herewith tender a jury fee and respectfully request a jury trial.

8

ORIGINAL  PETITION  FOR  DECLARATORY  JUDGMENT,  APPLICATION  FOR
TEMPORARY  RESTRAINING  ORDER,  AND  APPLICATION  FOR  TEMPORARY  AND
PERMANENT INJUNCTION

# PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer herein, and that on final trial hereof declaratory judgment be granted as requested herein, and GA-38 also specifically superseded any face-covering requirement imposed by any local government entity or official and made any such action illegal as a "failure to comply with" GA-38 and make individuals subject to a $100 fine.

Plaintiff prays that-

a.      without notice to Defendants or Third-Party Defendant, the Court issue a temporary restraining order restraining Defendants, Third-Party Defendant, and their officers, agents, servants, and employees from directly or indirectly forcing the Plaintiffs to wear masks, prevent the plaintiffs from attending school functions and activities, issuing any warnings to prevent the plaintiffs from attending school functions and activities;

b.      the Court set a date and time for a hearing on this application for a temporary injunction;

c.      Defendants be cited to appear and answer;

d.      after hearing, the Court issue a temporary injunction enjoining Defendants, Third-Party Defendant, and their officers, agents, servants, and employees from directly or indirectly forcing the Plaintiffs to wear masks, prevent the plaintiffs from attending school functions and activities, issuing any warnings to prevent the plaintiffs from attending school functions and activities during the pendency of this action;

Plaintiff be granted reasonable expenses incurred in obtaining the restraining order and

9

ORIGINAL PETITION FOR DECLARATORY JUDGMENT, APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION

injunction; and

Plaintiff be granted all further relief to which Plaintiff may be entitled.

Respectfully submitted,



THE LAW OFFICES OF CESAR A. MONTALVO PLLC

By:

/s/ Cesar A. Montalvo
Texas Bar No. 24102868
Email: information@camlaw.legal
1175 W. Bitters Rd.
Ste. 1106
San Antonio, TX 78216
Tel. (210) 296-5605
Fax. (210) 941-0777
Attorney for Plaintiff
Jamie Marroquin, Individually and as next of friend to J.M.M. and J.M.

10

ORIGINAL PETITION FOR DECLARATORY JUDGMENT, APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION



GOVERNOR  GREG  ABBOTT

July 29, 2021

FILED IN THE OFFICE OF THE
SECRETARY OF STATE
3:15 PM O'CLOCK

JUL 29 2021

Secretary of State

Mr. Joe A. Esparza
Deputy Secretary of State
State Capitol Room 1E.8
Austin, Texas  78701

Dear Deputy Secretary Esparza:

Pursuant to his powers as Governor of the State of Texas, Greg Abbott has issued the following:

Executive Order No. GA-38 relating to the continued response to the COVID-19
disaster.

The original executive order is attached to this letter of transmittal.

Respectfully submitted,

Gregory S. Davidson
Executive Clerk to the Governor

GSD/gsd

Attachment

# Executive Order

### BY THE
### GOVERNOR OF THE STATE OF TEXAS

**Executive Department**
**Austin, Texas**
**July 29, 2021**

### EXECUTIVE ORDER
### GA 38

*Relating to the continued response to the COVID-19 disaster.*

---

WHEREAS, I, Greg Abbott, Governor of Texas, issued a disaster proclamation on March 13, 2020, certifying under Section 418.014 of the Texas Government Code that the novel coronavirus (COVID-19) poses an imminent threat of disaster for all Texas counties; and

WHEREAS, in each subsequent month effective through today, I have renewed the COVID-19 disaster declaration for all Texas counties; and

WHEREAS, from March 2020 through May 2021, I issued a series of executive orders aimed at protecting the health and safety of Texans, ensuring uniformity throughout Texas, and achieving the least restrictive means of combatting the evolving threat to public health by adjusting social-distancing and other mitigation strategies; and

WHEREAS, combining into one executive order the requirements of several existing COVID-19 executive orders will further promote statewide uniformity and certainty; and

WHEREAS, as the COVID-19 pandemic continues, Texans are strongly encouraged as a matter of personal responsibility to consistently follow good hygiene, social-distancing, and other mitigation practices; and

WHEREAS, receiving a COVID-19 vaccine under an emergency use authorization is always voluntary in Texas and will never be mandated by the government, but it is strongly encouraged for those eligible to receive one; and

WHEREAS, state and local officials should continue to use every reasonable means to make the COVID-19 vaccine available for any eligible person who chooses to receive one; and

WHEREAS, in the Texas Disaster Act of 1975, the legislature charged the governor with the responsibility "for meeting ... the dangers to the state and people presented by disasters" under Section 418.011 of the Texas Government Code, and expressly granted the governor broad authority to fulfill that responsibility; and

WHEREAS, under Section 418.012, the "governor may issue executive orders... hav[ing] the force and effect of law;" and

WHEREAS, under Section 418.016(a), the "governor may suspend the provisions of any regulatory statute prescribing the procedures for conduct of state business ... if strict compliance with the provisions ... would in any way prevent, hinder, or delay necessary action in coping with a disaster;" and

WHEREAS, under Section 418.018(c), the "governor may control ingress and egress to

FILED IN THE OFFICE OF THE
SECRETARY OF STATE
3:15 PM O'CLOCK

JUL 2 9 2021

and from a disaster area and the movement of persons and the occupancy of premises in the area;" and

WHEREAS, under Section 418.173, the legislature authorized as "an offense," punishable by a fine up to $1,000, any "failure to comply with the [state emergency management plan] or with a rule, order, or ordinance adopted under the plan;"

NOW, THEREFORE, I, Greg Abbott, Governor of Texas, by virtue of the power and authority vested in me by the Constitution and laws of the State of Texas, do hereby order the following on a statewide basis effective immediately:

1.  To ensure the continued availability of timely information about COVID-19 testing and hospital bed capacity that is crucial to efforts to cope with the COVID-19 disaster, the following requirements apply:

    a.  All hospitals licensed under Chapter 241 of the Texas Health and Safety Code, and all Texas state-run hospitals, except for psychiatric hospitals, shall submit to the Texas Department of State Health Services (DSHS) daily reports of hospital bed capacity, in the manner prescribed by DSHS. DSHS shall promptly share this information with the Centers for Disease Control and Prevention (CDC).
    b.  Every public or private entity that is utilizing an FDA-approved test, including an emergency use authorization test, for human diagnostic purposes of COVID-19, shall submit to DSHS, as well as to the local health department, daily reports of all test results, both positive and negative. DSHS shall promptly share this information with the CDC.

2.  To ensure that vaccines continue to be voluntary for all Texans and that Texans' private COVID-19-related health information continues to enjoy protection against compelled disclosure, in addition to new laws enacted by the legislature against so-called "vaccine passports," the following requirements apply:

    a.  No governmental entity can compel any individual to receive a COVID-19 vaccine administered under an emergency use authorization. I hereby suspend Section 81.082(f)(1) of the Texas Health and Safety Code to the extent necessary to ensure that no governmental entity can compel any individual to receive a COVID-19 vaccine administered under an emergency use authorization.
    b.  State agencies and political subdivisions shall not adopt or enforce any order, ordinance, policy, regulation, rule, or similar measure that requires an individual to provide, as a condition of receiving any service or entering any place, documentation regarding the individual's vaccination status for any COVID-19 vaccine administered under an emergency use authorization. I hereby suspend Section 81.085(i) of the Texas Health and Safety Code to the extent necessary to enforce this prohibition. This paragraph does not apply to any documentation requirements necessary for the administration of a COVID-19 vaccine.
    c.  Any public or private entity that is receiving or will receive public funds through any means, including grants, contracts, loans, or other disbursements of taxpayer money, shall not require a consumer to provide, as a condition of receiving any service or entering any place, documentation regarding the consumer's vaccination status for any COVID-19 vaccine administered under an emergency use authorization. No consumer may be denied entry to a facility financed

FILED IN THE OFFICE OF THE
SECRETARY OF STATE
___3:15PM___ O'CLOCK

JUL 2 9 2021

*Governor Greg Abbott*                                      *Executive Order GA-38*
July 29, 2021                                                                    Page 3

in whole or in part by public funds for failure to provide
documentation regarding the consumer's vaccination status for any
COVID-19 vaccine administered under an emergency use
authorization.

d.  Nothing in this executive order shall be construed to limit the ability of
a nursing home, state supported living center, assisted living facility,
or long-term care facility to require documentation of a resident's
vaccination status for any COVID-19 vaccine.

e.  This paragraph number 2 shall supersede any conflicting order issued
by local officials in response to the COVID-19 disaster. I hereby
suspend Sections 418.1015(b) and 418.108 of the Texas Government
Code, Chapter 81, Subchapter E of the Texas Health and Safety Code,
and any other relevant statutes, to the extent necessary to ensure that
local officials do not impose restrictions in response to the COVID-19
disaster that are inconsistent with this executive order.

3.  To ensure the ability of Texans to preserve livelihoods while protecting lives, the
following requirements apply:

a.  There are no COVID-19-related operating limits for any business or
other establishment.

b.  In areas where the COVID-19 transmission rate is high, individuals are
encouraged to follow the safe practices they have already mastered,
such as wearing face coverings over the nose and mouth wherever it is
not feasible to maintain six feet of social distancing from another
person not in the same household, but no person may be required by
any jurisdiction to wear or to mandate the wearing of a face covering.

c.  In providing or obtaining services, every person (including individuals,
businesses, and other legal entities) is strongly encouraged to use
good-faith efforts and available resources to follow the Texas
Department of State Health Services (DSHS) health recommendations,
found at www.dshs.texas.gov/coronavirus.

d.  Nursing homes, state supported living centers, assisted living facilities,
and long-term care facilities should follow guidance from the Texas
Health and Human Services Commission (HHSC) regarding
visitations, and should follow infection control policies and practices
set forth by HHSC, including minimizing the movement of staff
between facilities whenever possible.

e.  Public schools may operate as provided by, and under the minimum
standard health protocols found in, guidance issued by the Texas
Education Agency. Private schools and institutions of higher
education are encouraged to establish similar standards.

f.  County and municipal jails should follow guidance from the Texas
Commission on Jail Standards regarding visitations.

g.  As stated above, business activities and legal proceedings are free to
proceed without COVID-19-related limitations imposed by local
governmental entities or officials. This paragraph number 3
supersedes any conflicting local order in response to the COVID-19
disaster, and all relevant laws are suspended to the extent necessary to
preclude any such inconsistent local orders. Pursuant to the
legislature's command in Section 418.173 of the Texas Government
Code and the State's emergency management plan, the imposition of
any conflicting or inconsistent limitation by a local governmental
entity or official constitutes a "failure to comply with" this executive
order that is subject to a fine up to $1,000.

FILED IN THE OFFICE OF THE
SECRETARY OF STATE
3:15 pm   O'CLOCK

JUL 2 9 2021

4. To further ensure that no governmental entity can mandate masks, the following requirements shall continue to apply:

   a. No governmental entity, including a county, city, school district, and public health authority, and no governmental official may require any person to wear a face covering or to mandate that another person wear a face covering; *provided, however, that*:
      i. state supported living centers, government-owned hospitals, and government-operated hospitals may continue to use appropriate policies regarding the wearing of face coverings; and
      ii. the Texas Department of Criminal Justice, the Texas Juvenile Justice Department, and any county and municipal jails acting consistent with guidance by the Texas Commission on Jail Standards may continue to use appropriate policies regarding the wearing of face coverings.

   b. This paragraph number 4 shall supersede any face-covering requirement imposed by any local governmental entity or official, except as explicitly provided in subparagraph number 4.a. To the extent necessary to ensure that local governmental entities or officials do not impose any such face-covering requirements, I hereby suspend the following:

      i. Sections 418.1015(b) and 418.108 of the Texas Government Code;

      ii. Chapter 81, Subchapter E of the Texas Health and Safety Code;

      iii. Chapters 121, 122, and 341 of the Texas Health and Safety Code;

      iv. Chapter 54 of the Texas Local Government Code; and

      v. Any other statute invoked by any local governmental entity or official in support of a face-covering requirement.

      Pursuant to the legislature's command in Section 418.173 of the Texas Government Code and the State's emergency management plan, the imposition of any such face-covering requirement by a local governmental entity or official constitutes a "failure to comply with" this executive order that is subject to a fine up to $1,000.

   c. Even though face coverings cannot be mandated by any governmental entity, that does not prevent individuals from wearing one if they choose.

5. To further ensure uniformity statewide:

   a. This executive order shall supersede any conflicting order issued by local officials in response to the COVID-19 disaster, but only to the extent that such a local order restricts services allowed by this executive order or allows gatherings restricted by this executive order. Pursuant to Section 418.016(a) of the Texas Government Code, I hereby suspend Sections 418.1015(b) and 418.108 of the Texas Government Code, Chapter 81, Subchapter E of the Texas Health and Safety Code, and any other relevant statutes, to the extent necessary to ensure that local officials do not impose restrictions in response to the

FILED IN THE OFFICE OF THE
SECRETARY OF STATE
3:45 PM O'CLOCK

JUL 2 9 2021

*Governor Greg Abbott*                                           *Executive Order GA-38*
July 29, 2021                                                              Page 5

        COVID-19 disaster that are inconsistent with this executive order,
        provided that local officials may enforce this executive order as well
        as local restrictions that are consistent with this executive order.

   b.  Confinement in jail is not an available penalty for violating this
        executive order. To the extent any order issued by local officials in
        response to the COVID-19 disaster would allow confinement in jail as
        an available penalty for violating a COVID-19-related order, that order
        allowing confinement in jail is superseded, and I hereby suspend all
        relevant laws to the extent necessary to ensure that local officials do
        not confine people in jail for violating any executive order or local
        order issued in response to the COVID-19 disaster.

This executive order supersedes all pre-existing COVID-19-related executive orders and
rescinds them in their entirety, except that it does not supersede or rescind Executive Orders
GA-13 or GA-37. This executive order shall remain in effect and in full force unless it is
modified, amended, rescinded, or superseded by the governor. This executive order may
also be amended by proclamation of the governor.

Given under my hand this the 29th
day of July, 2021.

GREG ABBOTT
Governor

ATTESTED BY:

JOE A. ESPARZA
Deputy Secretary of State

FILED IN THE OFFICE OF THE
SECRETARY OF STATE
3:15 PM O'CLOCK

JUL 2 9 2021



**NORTHSIDE INDEPENDENT SCHOOL DISTRICT**
# POLICE DEPARTMENT
5619 Grissom Road
San Antonio, Texas 78238
Tel: (210) 397-5650  •  Fax: (210) 706-7610
www.nisd.net

Brian Woods, Ed.D.
Superintendent



Ray Galindo
Deputy Superintendent

Charles A. Carnes
Chief of Police

August 27, 2021

Jamie Marroquin
14002 Pikesdale
San Antonio, Texas, 78253

Dear Ms. Jamie Marroquin:
Both the Texas Penal Code and the Texas Education Code authorize school officials to restrict access on school district property in order to protect the educational environment and maintain law and order.

Because of the incident that occurred at the Northside Activity Center on 8/24/2021, you are prohibited from appearing on any NISD Campus or Facility for the remainder of the 2021-2022 School Year. If you fail to abide by the terms of this warning, law enforcement authorities will be notified and you will be subject to arrest and removal from the facility.

I regret this action is deemed necessary. We are charged to maintain a safe and orderly environment for our students, staff and community at all times.

Respectfully,

Ray Galindo
Deputy Superintendent

DECLARATION

(TEX. CIV. PRAC. & REM. CODE § 132.001)

My name is Jamie Nicole Marroquin. My birthdate is ██████████ ; and my address is ██████
██████████████████████████████

I declare under penalty of perjury that the following statements are true and correct.

1.  I am a taxing paying parent of two children who attend public school at Straus Middle
    School in NISD.

2.  I have experience with the way that my school's mask policy was enforced in the
past, including: The policy was implemented for 8/23/2021. The School Board along with the
NISD Superintendent made their judgment on 8/17/2021 to go into affect on 8/23/2021, the
first day of classes. Staff, administration, NISD Police, and members of the Superintendent's
cabinet enforce the mask mandate by repeatedly telling my twins to put on a mask, by requiring
they wear one in the gym or they will not be able to participate in athletics, harassing them in the
hallways until they put on the mask correctly. NISD employees also require parents and visitors
to wear a mask while on NISD property. They do not accept religious or medical exemptions. I
called before the 1st day of school to make sure my twins would not be forced, bullied, or shamed
into wearing a mask at school. The school administration assured me that they would only
encourage mask wearing but would not force it. My twins were forced day one of classes as soon
as they stepped foot inside of the building to put the mask on. I was not allowed to speak at the
School Board Meeting on 8/24/2021. I stated I had a medical exemption and I asked for 2
different accommodations that would allow me to speak and then leave the facility once I was
finished. I was denied the accommodations and the Chief, Charlie Carnes, asked to see my
documentation showing I had an exemption. I was carried out of the board room on the command
of the white Superintendent by 2 white male officers. The Chief, also white, was the one who
denied my accommodation requests, and then proceeded to have me carried the rest of the way
out of the building.

1

On 9/3/2021,I was not allowed on a NISD elementary campus to advocate for a child receiving special education services but was being denied access to FAPE and her IDEA services due to not wearing a mask during school.

On 9/9/2021, I was given a CTW while at another NISD elementary campus acting as a special education advocate for a student who had a medical exemption, including doctor's note, but was being segregated in a conference room all day by himself without adult supervision. The CTW initally did not have a reason written on it.  After I requested a description be added, the reason states: Failure to wear a mask on NISD property.

That same day the NISD police chief Charlie Carnes, along with Ray Galindo, the Asst. Deputy Superintendent, told me I was not welcome on any NISD properties and would be arrested if I went to my daughter's first VB game that evening.

On 9/21/2021, I received a certified letter, stating I was banned from all NISD properties. The date on the letter is 8/27/2021.  However, the postmark date is 9/20/2021.

Over the past month, I have made multiple requests for the appeal and/or grievance policy for NISD.  I have also requested several times to meet with the asst. deputy superintendent and the NISD School Board.  I was not granted a meeting, and was not given the exact grievance procedures until 9/28/2021, when NISD received notice of representation and a demand for due process.

On 9/29/2021, my twins were subjected to retaliation when they tried to attend their school's football game and were not allowed to go because the officer stated they had to have THEIR parent or guardian attend with them.  There were multiple children in the stands unattended.  They had a guardian that was going to attend with them.  However, because the football game was held at the campus were I taught last year and the officer and principal both know me and my twins.  They refused to allow my girls access to the football game even though they had paid for the game and the tickets do not state, must attend with a parent or guardian.  I was unable to attend because I am banned from all NISD properties.

On 9/30/2021, I was escorted off of campus by 3 police officers, because I was in the stands watching my daughter play VB.

3.      The above-described policy or action is damaging to me and my child because due to the CTW,I have been unable to rightfully attend my children's school related activities. I have to ask for permission for something as simple as dropping off clothes to the twins. When I call the

2

school or other entities at NISD, I am treated like a ticking time bomb that has no rights to my children.

I have had to increase my dosage of Prozac and Xanax from 40mg to 60mg and .5mg once every couple of days, to .5mg three times a day, respectively. I am constantly in a state of panic, crying, and depression because I am being treated like a criminal and not allowed to see my twins or partake in any of their functions while they are at school.

In addition, one of my twins has had to start taking Prozac due to her extreme anxiety of me possibly getting arrested if I attend any of her functions.

The other twin cries all of the time now. On 9/30/2021, when she saw the police officers escort me off, she was so distraught that she started to cry and became debilitated, unable to move for fear that if she went to me, it would make things worse, or she would get arrested. Teachers from her school saw how upset she was, and the next day she was called into the counselor's office to discuss me being removed from the game by police officers.

My twins both have acne from the masks. The acne is in the mask area only. This is embarrassing for them and could possibly leave permanent scars on their face.

4.      My twins are being retaliated against and negatively affected due to NISD's mask policy and their banning of me from all NISD properties. They are ridiculed at school and not allowed to partake in extracurricular activities that other students are able to enjoy.

NISD Staff and Officers treat me very hostilely, are not forthcoming with the procedures on how to file grievances, do not return emails or phone calls, and are extremely vague when pressed on why I was given the CTW in the first place. The NISD police are not enforcing the law, they are instead enforcing NISD policy on a tax paying parent and not allowing me to participate in my twins' educations at all.

Executed in Bexar County, State of Texas on October 6th, 2021.

Signed : *Jamie Marroquin*  _____

Printed name: Jamie Nicole Marroquin

3

FILE COPY

# IN THE SUPREME COURT OF TEXAS

No. 21-0720

IN RE GREG ABBOTT, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF TEXAS

On Petition for Writ of Mandamus

**ORDERED:**

1.     Relator's emergency motion for temporary relief, filed August 23, 2021, is granted. The order on Appellees' Rule 29.3 Emergency Motion for Temporary Order to Maintain Temporary Injunction in Effect Pending Disposition of Interlocutory Appeal, filed August 17, 2021, in Cause No. 04-21-00342-CV, styled *Greg Abbott, in his official capacity as Governor of Texas v. City of San Antonio and County of Bexar*, in the Court of Appeals for the Fourth Judicial District, dated August 19, 2021, is stayed pending further order of this Court.

2.     As we previously held in staying the trial court's temporary restraining order in the underlying case, the court of appeals' order alters the status quo preceding this controversy, and its effect is therefore stayed pending that court's decision on the merits of the appeal. *See In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004). This case, and others like it, are not about whether people should wear masks or whether the government should make them do it. Rather, these cases ask courts to determine which government officials have the legal authority to decide what the government's position on such questions will be. The status quo, for many months, has been gubernatorial oversight of such decisions at both the state and local levels. That status quo should remain in place while the court of appeals, and potentially this Court, examine the parties' merits arguments to determine whether plaintiffs have demonstrated a probable right to the relief sought.

3.     The petition for writ of mandamus remains pending before this Court.

FILE COPY

Done at the City of Austin, this Thursday, August 26, 2021.

BLAKE A. HAWTHORNE, CLERK
SUPREME COURT OF TEXAS

BY CLAUDIA JENKS, CHIEF DEPUTY CLERK

NOTICE:  THIS DOCUMENT CONTAINS SENSITIVE DATA.

NO. _____

| | | |
|---|---|---|
| **JAMIE MARROQUIN,** | § | **IN THE DISTRICT COURT** |
| **INDIVIDUALLY** and as next friend of | § | |
| minor children J.M.M and J.M. | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **NORTHSIDE INDEPENDENT** | § | |
| **SCHOOL DISTRICT ET AL.** | § | |
| **Defendants.** | § | **OF BEXAR COUNTY, TEXAS** |

Temporary Restraining Order

This matter was heard upon Plaintiffs' application for temporary restraining order, *ex parte*. Based on *Plaintiffs' Original Petition, Application for Temporary Restraining Order, and Application for Temporary and Permanent Injunction* ("Application") and evidence attached, the Court GRANTS the Application as follows:

The Court FINDS that the current face-covering policy as described by Plaintiffs enacted and enforced by Defendants was made without authority and in fact an illegal act under Gov. Abbott's Executive Order GA-38.

The Court further FINDS that the face-covering policy is an apparent violation of the Texas Open Meetings Act, which provides for injunctive relief to prohibit the exclusion of the public in open public meetings without cause.

The Court FINDS that, unless enjoined, Plaintiffs face irreparable harm, including significant and irreparable damage to their right to a healthful environment while they receive a free and appropriate public education free of illegal activity sanctioned by the Northside Independent School District, which Gov. Abbott's Executive Order GA-38 specifically prohibits.

Additionally, the Court FINDS immediate injunctive intervention is appropriate to prevent further harm and preserve the status quo before the Court can hear and consider the Plaintiff's application for a temporary injunction.

NOW, THEREFORE, good cause appearing, the Court GRANTS the application, and ORDERS Defendant Brian T. Woods and the Northside Independent School District ("Defendant")

and its agents to cease enforcement actions of the face-covering policy described in the Application, for **fourteen (14) days** pending an evidentiary hearing on Plaintiff's Application for temporary injunction, as follows:

**Defendants, their officers, agents, servants, and employees either directly or indirectly shall not deny any student or parent access to Northside Independent School District facilities based on a face covering, nor act in derogation of any right enjoyed by a person wearing a face covering.**

This temporary restraining order is granted on the condition that an undertaking, executed by the plaintiff and an appropriate surety in the sum of $10.00 be filed to make good such damages as may be occasioned by the Defendant, not to exceed said sums as may be suffered by a Defendant who is found to be wrongfully restrained.

Filing of the bond herewith required is noted by this court as having occurred by the time of issuance of this order on the same day.

**The Plaintiff's motion on the application for a preliminary injunction is hereby set to be heard before the Court at _____, on _____ at _____ o'clock. This temporary restraining order shall continue in force for fourteen (14) days from the date it takes effect.**

IT IS HEREBY ORDERED that the trial on the action on the merits will advanced and consolidated with the hearing on the application for preliminary injunction.

Dated: _____

_____
Judge Presiding

# EXHIBIT 3

FILED
10/13/2021 8:34 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Marissa Ugarte
Bexar County - 285th District Court

CAUSE NO. **2021 CI-21250**

| | |
|---|---|
| **JAMIE MARROQUIN, Individually and as** | § **IN THE DISTRICT COURT** |
| **Next Friend of Minor children, J.M.M** | § |
| **and J.M.** | § |
| **Plaintiffs,** | § **285th JUDICIAL DISTRICT** |
| **V.** | § |
| | § |
| **NORTHSIDE INDEPENDENT** | § |
| **SCHOOL DISTRICT ET AL.,** | § **BEXAR COUNTY, TEXAS** |
| **Defendants,** | § |

### MOTION TO SUBSTITUTE COUNSEL

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW JAMIE MARROQUIN, Individually and as Next Friend of Minor children, J.M.M and J.M., Plaintiffs herein, and move the Court to approve the substitution of Francisco R. Canseco, for her current counsel of record, Cesar Andres Montalvo, and would show the court the following:

1. JAMIE MARROQUIN, Individually and as Next Friend of Minor children, J.M.M and J.M. wish to substitute Francisco R. Canseco for their current counsel of record, Cesar Andres Montalvo. Cesar Andres Montalvo Counsel for Respondent does not oppose this motion.

2. Plaintiff and Defendants will not be prejudiced in any manner by the granting of this Motion or by the substitution of counsel for the Plaintiff for the reason that there are no current settings for trial or other hearings which will be delayed by or adversely affected by this substitution.

3. Therefore, JAMIE MARROQUIN, Individually and as Next Friend of Minor children, J.M.M and J.M. moves the Court for an order substituting Francisco R. Canseco as counsel of record. This substitution is not sought for purposes of delay.

WHEREFORE, PREMISES CONSIDERED, JAMIE MARROQUIN, Individually and as Next Friend of Minor children, J.M.M and J.M. prays that the Court enter its Order substituting Francisco R. Canseco as her attorneys of record for the Plaintiff, and for such other and further relief, both general and special, to which it may show itself justly entitled.

Respectfully submitted,

By: _____/s/_____
Francisco R. Canseco
State Bar No. 03759600
19 Jackson Court
San Antonio, TX 78230
210.901.4279
frcanseco@gmail.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document has been served on the persons or parties identified below in accordance with one or more of the recognized methods of service by the Texas Rules of Civil Procedure on the 12th day of October, 2021.

### By E-Filing Methods

Cesar A. Montalvo
Email: information@camlaw.legal
1175 W. Bitters Rd.
Ste. 1106
San Antonio, TX 78216
Tel. (210) 296-5605
Fax. (210) 941-0777


_____/s/_____
Francisco R. Canseco

**Plaintiffs' Motion to Substitute Counsel Page 2**

# EXHIBIT 4

FILED
10/13/2021 8:34 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Marissa Ugarte

CAUSE NO. **2021CI-21250**

| | |
|---|---|
| **JAMIE MARROQUIN, Individually and as** | § **IN THE DISTRICT COURT** |
| **Next Friend of Minor children, J.M.M** | § |
| **and J.M.** | § |
| **Plaintiffs,** | § **285th JUDICIAL DISTRICT** |
| **V.** | § |
| | § |
| **NORTHSIDE INDEPENDENT** | § |
| **SCHOOL DISTRICT ET AL.,** | § **BEXAR COUNTY, TEXAS** |
| **Defendants,** | |

## ORDER GRANTING
## PLAINTIFFS' MOTION TO SUBSTITUTE COUNSEL

On the date signed below, this Court considered Plaintiffs', JAMIE MARROQUIN,

Individually and as Next Friend of Minor children, J.M.M and J.M., Motion for Substitution of

Counsel.

IT IS ORDERED THAT Cesar Andres Montalvo is hereby granted leave to withdraw as

attorney of record for Plaintiffs JAMIE MARROQUIN, Individually and as Next Friend of Minor

children, J.M.M and J.M..

IT IS FURTHER ORDERED that the following attorneys be substituted as attorney of

record for Plaintiffs, JAMIE MARROQUIN, Individually and as Next Friend of Minor children,

J.M.M and J.M.

Francisco R. Canseco
State Bar No. 03759600
19 Jackson Court
San Antonio, TX 78230
(210) 901.4279
frcanseco@gmail.com

Signed on: October _____, 2021

_____

JUDGE PRESIDING

**APPROVED AS TO FORM:**

_____

Cesar A. Montalvo
Email: information@camlaw.legal
1175 W. Bitters Rd.
Ste. 1106
San Antonio, TX 78216
Tel. (210) 296-5605
Fax. (210) 941-0777

**ATTORNEY WITHDRAWING**
**FOR Plaintiffs,** JAMIE MARROQUIN, Individually and as Next Friend of Minor children, J.M.M and J.M.

_____

Francisco R. Canseco
State Bar No. 03759600
19 Jackson Court
San Antonio, TX 78230
210.901.4279
frcanseco@gmail.com
**ATTORNEYS SUBSTITUTING**
**FOR** JAMIE MARROQUIN, Individually and as Next Friend of Minor children, J.M.M and J.M.

# EXHIBIT 5

FILED
10/13/2021 9:30 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Shaamid M Gaitan
Bexar County - 285th District Court

## CAUSE NO. 2021-CI-212250

|  |  |
|---|---|
| **JAMIE MARROQUIN, Individually and as Next Friend of Minor Children, J.M.M. and J.M.** <br> *Plaintiffs* | IN THE DISTRICT COURT |
|  | 285th JUDICIAL DISTRICT |
| **V.** <br> **NORTHSIDE INDEPENDENT SCHOOL DISTRICT, et al** <br> *Defendants* | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S AMENDED ORIGINAL PETITION
#### for
### APPLICATION FOR TEMPORARY RESTRAINING ORDER
#### and
### TEMPORARY AND PERMANENT INJUNCTIONS
#### And
### DECLARATORY JUDGMENT

COME NOW Jamie Marroquin, **Individually and as Next Friend of Minor children, J.M.M and J.M.** Plaintiffs herein and file this suit for Temporary Restraining Order, for a Temporary Injunctions, for a Permanent Injunction and a Declaratory Judgment under the Texas Uniform Declaratory Judgments Act, Chapter 37 of the Texas Civil Practice and Remedies Code against Northside Independent School District, a Texas Independent School District, and Its Superintendents, for damages for depravation of Plaintiffs' Civil Rights under the US and Texas Constitution, and for cause, alleging to the court as follows:

### DISCOVERY - CONTROL PLAN

1. Plaintiffs intend to conduct discovery under level two of the Texas rules of Civil Procedure 190.3/ 190.4 and affirmatively pleads that this suit is not governed by the expedited actions process in Texas rule of Civil Procedure 169.

### CLAIM FOR RELIEF

2. Plaintiffs seek a Temporary Restraining Order; a Temporary Injunction, a Permanent Injunction, and a Declaratory Judgment under the Texas Uniform Declaratory Judgments Act, Chapter 37 of the Texas Civil Practice and Remedies Code together with monetary relief of $500,000 or less and non-monetary relief for depravation of Plaintiffs' Civil rights under the US and Texas Constitution.

1

**PARTIES**

3. Plaintiff Jamie Marroquin is an individual resident of Bexar County Texas. She is the mother of two children who attend a middle school owned and operated by the Defendants. Defeudant is an Independent School District, organized and existing under the laws of the State of Texas. Service of process may be had upon the Defendaut by serving its Superintendent, Brian Woods at its offices located at 5619 Grissom Road, San Antonio, Bexar County, Texas, 78238 or at 5900 Evers Road, San Antonio TX 78238 or wherever Defendant may be found.

4. Defendant Dr. Brian T. Woods is sued in his official capacity as superintendent of NISD and may be served with process at his place of employment at the following address: 5900 Evers Road, San Antonio, TX 78238, or wherever may be found.

**JURISDICTION and VENUE**

5. Jurisdiction and Venue are proper in Bexar County. Both the Plaintiffs aud the Defendants are residents of Bexar County and the couduct the subject of this suit, occurred within Bexar County. Veuue is proper in this cause under Section 15.002(a)(1) Tex. Civ. Prac and Rem. Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

**FACTS**

6. Plaintiff Jamie Marroquin ( JM) and her husband are the parents of two middle school children (Plaintiff's minor children J.M.M and J.M.) who atteud Straus Middle School, a middle school of the Defendaut. Plaiutiff JM has achieved a degree of Master of Education (M.Ed) and is frequently employed as a Special Education Advocate.

7. On or about August 24, 2021, Plaintiff attended Defendant's regular board meeting. She entered the meetiug room without a mask on her face. An administration official asks JM to put on a mask. JM advised the official that she has a medical exemption; that she has had covid; that she has been vaccinated, and she was socially distanced from everyone. A Defendant's police officer then tells JM that she will have to leave or put a mask on. She then repeats to him what she told the Defendant's Administrator. The Police officer states that the JM is not allowed to be there without a mask. Plaintiff JM tells him that she was not

2

going to leave without speaking to the board, as that was the reason she came to the Defendant's meeting.

8. The Defendant's Police Officer then calls for back up and the Plaintiff JM is then carried out of the meeting, before it starts, by 2 male police officers.

9. Outside of the meeting room, Defendant's Police Chief tells the Plaintiff JM that she has to leave. Plaintiff then asked for accommodation because of medical exemption. Both were denied. Defendant was asked to see proof of medical exemption which Plaintiff did not have in her possession at that time. Two male officers then carried Plaintiff the rest of the way out.

10. On or about September 9, 2021, Plaintiff JM was hired to be a special ed advocate for 7-year-old student being denied FAPE by being segregated in a conference room all day without supervision or parental approval. The student receives special education services and has a valid doctor's note stating his exemption. Plaintiff JM was invited into the child's school (Defendant's school), along with the parent of the child, by the principal Ms. Mata-Tausch. Plaintiff JM and the parents of the child were seated in the conference room for 20 minutes expecting to have a meeting with the school principal. Instead, 4 to 5 male police officers arrived, mask-less, to the school on the request of Ms. Mata-Tausch. She made them go get their masks before they came to remove Plaintiff JM from the room. For over 20 minutes Plaintiff JM was in a room by herself with multiple male police officers questioning and arguing with her until a Criminal Trespass Warning (CTW) was written up on request of Ray Galindo, an agent for the Defendant. The Officers stated it was due to the Plaintiff's JM activities at the 8/24/21 meeting. A copy of the CTW is attached hereto as EXHIBIT A and made a part hereof for all intents and purposes.

11. Plaintiff JM was told by Ray Galindo and Chief Carnes both Defendant's agents, that the Plaintiff JM was not welcome on Defendant's NISD properties and that she was not allowed to attend her daughter's very first volleyball game that day.

12. Plaintiff has called and emailed, in attempts to speak with Defendant's agent Ray Galindo. Plaintiff has requested a call back, and a meeting with Defendant's Ray Galindo, a meeting with the Defendant's board, information on any appeals processes, and for the reason behind the CTW, and call backs have been refused and requests for meetings have not been granted. Only emails have been sent by Defendant on instructions on what can or cannot be done by the Plaintiff.

3

13. On September 16, 2021 a letter was sent to Defendants, a copy of which is attached hereto as Exhibit B and made a part hereof.  On September 21, 2021 Plaintiff JM received a certified letter postmarked 9/20/21 but dated 8/27/21 from Defendant's agent Rey Galindo.

14. On 9/27/2021 a letter was sent to defendant, a copy of which is attached hereto and marked Exhibit C and made a part hereof. On 9/28/2021 the Defendant replied stating that Plaintiff could attend her children's school functions with prior approval from each school's principals where they would be playing their games.  With tickets purchased to attend Plaintiff JM's children's (J.M.M and J.M.) school's football game at Folks elementary school, the children were refused entry based on their lack of a parent or guardian Dispite the fact that the Plaintiff JM was in their company. Plaintiff had to pick up her children from the school game since the children were being retaliated by the school because of the CTW.

15. On 9/30/2021 Plaintiff received an email from Defendant' agent Rey Galindo stating that her interactions with staff at Folks was unacceptable and that she was completely banned from attending any further school events, including her daughter's game against Folks that evening.  A copy of the email is attached hereto as Exhibit D and made a part hereof. Notwithstanding, Plaintiff attended the school game. Defendant's Agents attempted to block her entrance. Without confrontation, Plaintiff walked around them, and sat on the bleachers to watch her daughters play. 15 minutes into the game 3 male officers, stopped the volleyball game and stated the game would not continue until the Plaintiff left.

16. The Defendant's conduct is in violation of the U.S. Constitution and the Constitution of the State of Texas in that they have denied her access to her children and her children's educational rights and failed to give her due process. Additionally, the Defendants have used an unfair, abusive, excessive, and unjust punishment when without the right to impose that punishment have continually harassed and punished the Plaintiff JM for her exercise of free speech rights.

17. The Defendants' conduct is a violation of Plaintiffs' civil and constitutional rights. Additionally, the Defendant's conduct in physically removing her from her rightful presence and right to speak at a School Board meeting is an assault on her person. She was made to suffer anguish, mental suffering frustration and anxiety because of the conduct of the Defendant towards her. Furthermore, the Defendant's all out banishment of a tax paying parent from participation in her children's education is a blatant violation of her civil rights

as a parent to raise her children with love and attention, not to mention the Children (J.M.M. and J.M.)'s right to have parents at their school functions and to drop them off at school and pick them up.

18. Plaintiffs have been damaged in an amount of damages not to exceed $500,000.00 dollars because of the malicious conduct of the Defendants. Approximately two weeks before classes started, on July 29th, 2021, Governor Greg Abbott issued executive order GA-38 which states in pertinent part:

*"No governmental entity, including a county, city, school district, and public health authority, and no governmental official may require any person to wear a face covering or to mandate that another person wear a face covering [other than hospitals and jails]."* Exhibit E.

19. GA-38 also specifically superseded any face-covering requirement imposed by any local government entity or official and made any such action illegal as a "failure to comply with" GA-38 and made individuals subject to a $100 fine.

20. On August 17, 2021, the Defendant and its Superintendent Defendant Woods announced that their schools will be enforcing a face-covering policy that went into effect on August 23, 2021. To date, the policy requiring face-coverings is in full effect. Defendant has been issuing "Criminal Trespass Warnings" or CTW to parents that do not comply with the face-covering mandate and prohibit students from attending classes if they do not comply.

21. Defendant has proffered no guidance as to what a satisfactory face-covering will be and does not permit an exemption based on religion, health, or conscience.

22. It was for this very issue for which Plaintiff attended the open school board meeting, on August 24, 202.

## RELIEF REQUESTED

### Incorporation of the Mandamus Relief Sought by Gov. Abbott.

23. Gov. Abbott has filed a Petition for Writ of Mandamus filed in the Fourth Judicial District Court of Appeals. Styled In Re: Greg Abbott, Cause No. 05-21-00687-CV, the Petition states that the Governor's executive orders have the full effect and force of law, and local authorities do not have the legal authority to countermand Governor Abbott's command.

Local authorities are part of the Texas Governor's disaster team and are not free to go wilding with their own peculiar political peccadilloes and create their own laws. Incorporation of The Texas Supreme Court Order Cause 21-0720 *Greg Abbott, in his official capacity as Governor of Texas v. City of San Antonio and County of Bexar.*

24. The Supreme Court of Texas has stated that the status quo to date is for the Governor to preempt state and local government:

*"...Rather, these cases ask courts to determine which government officials have the legal authority to decide what the government's position on such questions will be. The status quo, for many months, has been gubernatorial oversight of such decisions at both the state and local levels. That status quo should remain in place while the court of appeals, and potentially this Court, examine the parties' merits arguments to determine whether plaintiffs have demonstrated a probable right to the relief sought."* Exhibit F.

### COUNT 1 – DECLARATORY JUDGEMENT

25. There exists a genuine controversy between the parties herein that would be terminated by the granting of declaratory judgment. Plaintiff therefore requests that declaratory judgment be entered as follows:

A. That NISD's mask mandate is in direct violation of Governor's Executive Order GA-38 and GA-38 preempts NISD mask policy.

B. The Plaintiffs are permitted to attend their school without being forced to wear a face covering against the Defendants' mask mandate currently in place.

C. The CTW, though improvidently issued has nevertheless been used as a sword and hammer against the rights of the Plaintiff and her children.

D. The Defendants, their agents, officers, school principals, teachers and assigns have been employing harassment tactics, excessive means to silence and punish the Plaintiffs for her speech and failing to give her a fair opportunity to make her case for not wearing a mask. Defendants are a public entity that serves the public and its constituents who pay their salaries. Defendants are not overlords but a servant.

1. All actions of the Defendants are in violation of the Plaintiffs' Civil and Constitutional rights and infringe on the Plaintiffs' exercise thereof. The Defendants conduct must be declared totally invalid and the use of the CTW should be declared expunged.

**COUNT 2--VIOLATION OF THE TEXAS OPEN MEETINGS ACT**

26. Open meetings of government entities that exclude any person violate the Texas Open Meetings Act, sec. 551.002 Tex Gov Code, which stipulates that *"[e]very regular, special, or called meeting of a gov'l body shall be open to the public..."*.

27. The Defendants unilaterally created their own law by mandating face- covering in violation of GA-38. Then, the Defendants enforced their illegal law against the Plaintiff to violate the Texas Open Meetings Act.

**COUNT 3--SUIT FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION**

28. All conditions precedent have been performed or have occurred.

29. Plaintiff requests a temporary restraining order ("TRO"), to protect the status quo, by preventing Defendants from enforcing their prohibition against non-mask wearing students entering school until the Court issues a temporary injunction, or the case can be adjudicated.

30. The comparative injury, or balance of equities and hardships, to the parties and to the public interest, support granting a temporary restraining order; Plaintiff is only asking the Court to preserve the status quo, and require the Defendants cease from enforcing their prohibition, which is damaging Plaintiff's constitutional rights to a public education.

31. There is no adequate remedy at law that will give Defendants full relief, because Defendants' actions are illegal, and Plaintiffs suffer from diminished value of their education. Each day, the Plaintiff suffers significant irreparable damage to due process of law and education. Plaintiffs' total damages cannot be measured with certainty, and it is neither equitable, nor conscionable, to allow Defendants to violate state law.

32. The loss of constitutional freedoms for, "even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347,373 (1976). This is no less true for statutory-based freedoms, such as the right to a free and appropriate public education. The harm to the Plaintiffs, if the TRO is denied, will be significant and irreparable. If this Court allows Defendants to continue their illegal, and excessively cruel acts, against the Plaintiff and her children, they face a diminished educational experience and their parents will continue to be excluded from their children's educational growth. If Plaintiff's application is

not granted, harm is imminent because her children's educational experiences will continue to affect them in a negative manner, and the Plaintiff's guaranteed Constitutional Rights will continue to be denied.

33. The harm that will result if the Temporary Restraining Order is not issued is irreparable because the children's mother is not permitted to participate in their educational process. Additionally, a violation of personal constitutional rights causes irreparable harm to Plaintiff in denying her due process, and free speech.

34. The Plaintiffs are entitled to a TRO, because Defendants can show no harm to the Defendants, in granting the relief requested. Defendants violated the legal process and the Texas Open Meetings Act. Enjoining an already illegal, and unconstitutional policy does not cause harm to the Defendants.

35. Therefore, Plaintiffs respectfully request that this Court issue a temporary restraining order against the Defendant – restraining them, their officers, agents, school employees, school principals, teachers and assigns or anyone acting on their behalf, until further order of the Court of and from:

    a.  from taking any actions to enforce the mask policy, or any iteration thereof against Plaintiffs, including but not limited to, permitting Plaintiffs access to school without a mask.

    b.  from denying the Plaintiffs access to the Defendant's School Properties and Grounds where her children are attending either for educational, extra-curricular, athletic or social purposes, or from restricting her access to any meetings of the school board or any of its committees for any reason or from speaking there-at in a peaceable manner and to address the Defendant's official bodies, agents, school principals, teachers school officers and officials in Plaintiff's capacity as a parent, taxpayer and constituent of the Defendants.

36. The Plaintiff's application for a Temporary Restraining Order is authorized by Tex. Civ. Prac. And Rem. Code section 65. 011 (1).

37. It is probable that the Plaintiffs will recover from Defendants after a trial on the merits because the Defendants have been acting in a capricious manner toward the Plaintiffs and overstepping their presumed authority over a parent and constituent, denying her rights that are constitutionally protected.

38. There is not enough time to serve notice on the Defendant and to hold a hearing on this application.

## REQUEST FOR TEMPORARY INJUNCTION

39. The Plaintiffs ask the court to set their application for Temporary Injunction for a hearing and after the hearing issue a Temporary Injunction against the Defendant.

## REQUEST FOR PERMANENT INJUNCTION

40. The Plaintiffs ask the court to set their request for a Permanent Injunction for a full trial on the merits and after the trial issue a Permanent Injunction against the Defendant.

41. All conditions precedent to Plaintiffs claim for relief have been performed or have occurred.

## ATTORNEY'S FEES.

42. Plaintiffs are entitled to recover reasonable and necessary attorney's fees that are equitable and just under Texas civil practice and remedies code section 37.009.

43. All conditions precedent to Plaintiffs claim for relief have been performed or have occurred.

## PRAYER

44. For these reasons Plaintiffs ask that Defendants be cited to appear and answer herein and on final trial that Plaintiffs to be awarded a judgment against the Defendants for the following:

    a.  A Temporary Restraining Order.

    b.  Temporary Injunction Order.

    c.  A Permanent Injunction Order.

    d.  That the court declare that the CTW is expunged.

    e.  For actual damages.

    f.  For prejudgment and post-judgment interest.

    g.  For Attorney's fees.

    h.  For costs.

    i.  And, for all other relief at law or in equity to which Plaintiff is entitled.

Respectfully submitted,

_____/S/_____
Francisco R. Canseco
Attorney for Plaintiff
State Bar No. 03759600
frcanseco@gmail.com
19 Jackson Court
San Antonio, Texas 78230
210.901.4279

## VERIFICATION

STATE OF TEXAS                    §
                                 §
COUNTY OF BEXAR                   §

BEFORE ME, the undersigned authority, personally appeared JAMIE MARROQUIN, on her oath, stated that the statements made in the foregoing Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction are true and correct.

_____
JAMIE MARROQUIN

SUBSCRIBED AND SWORN TO BEFORE ME on this the 13 day of October 2021

to certify which witness my hand and seal of office.

DAISEY LUEBANOS
Notary Public, State of Texas
Comm. Expires 07-30-2025
Notary ID 133242506

_____
Notary Public, State of Texas

10

Cause N0. 2021-CI-21250

| | |
|---|---|
| JAMIE MARROQUIN, Individually and as Next Friend of Minor children, J.M,M and J.M.<br>*Plaintiffs,* | IN THE DISTRICT COURT |
| V. | 285th JUDICIAL DISTRICT |
| NORTHSIDE INDEPENDENT SCHOOL DISTRICT, ET AL.,<br>*Defendants,* | BEXAR COUNTY. TEXAS |

### AFFIDAVIT IN SUPPORT OF
### PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER

BEFORE ME, the undersigned authority, personally appeared JAMIE MARROQUIN, who after being duly sworn, deposed as follows:

"My name is JAMIE MARROQUIN. I am at least 18 years of age and of sound mind. I am The Plaintiff in the above numbered and styled suit against the Defendant and am personally acquainted with the facts alleged in Plaintiffs' Original Petition and Application For Temporary Restraining Order and Temporary and Permanent injunctions.

"Further affiant sayeth not."

JAMIE MARROQUIN

SUBSCRIBED AND SWORN TO BEFORE ME on *October 13, 2021*, by

_____

DAISEY LUEBANOS
Notary Public, State of Texas
Comm. Expires 07-30-2025
Notary ID 133242506

Notary Public, State of Texas

11

# EXHIBIT A

### NORTHSIDE INDEPENDENT SCHOOL DISTRICT
### POLICE DEPARTMENT
## Criminal Trespass Warning

Date: _____  Time: _____ AM / PM  Case No.: _____

Issued to:
Name: _____  Address: _____
    LAST        FIRST       MIDDLE         STREET    CITY    ZIP

Phone: _____  Age: _____  D.O.B.: ___/___/___  Race: ____  Sex: ___  Hair: ____  Eyes: ____  Wgt: ____

Hgt.: ____ Ft ____ In   DL#: _____  DL State: ____  Type: _____  Restriction(s): _____

Veh. L.P.: _____  State: _____  Make: _____  Type: _____  Color(s): _____ / _____

**Criminal Trespass**　　　　☒ All Northside Facilities　　☐ _____

This form serves notice that you are not authorized to enter or remain on the Northside Independent School district property listed above. This warning is given pursuant to **Sec. 30.05** of the Texas Penal Code which states:
    A person commits an offense if he enters or remains on the property or in the building of another without effective consent and he:
        (1) had notice that entry was forbidden; or
        (2) received notice to depart but failed to do so.

## This is ONLY written notification.  This is not a Plea of Guilty.

_____  _____  _____
OFFICER / BADGE  SCHOOL ADMINISTRATOR (IF REQ'D)  PERSON NOTIFIED

# FRANCISCO R. CANSECO
### ATTORNEY AT LAW
### FORMER MEMBER OF CONGRESS

9/16/2021

Northside ISD
5900 Evers Road,
San Antonio TX 78238

**Exhibit B**

**Attn:** Dr. Brian T. Woods, Superintendent

**Re:** Straus Middle School

Dear Sirs,

Mrs. Jamie Nicole Marroquin has brought attention to a matter which this office has advised that the conduct of NISD and its school officials is unlawful and subject to legal action on her behalf.

At a parents meeting conducted on August 24, 2021 at Northside Activity Center, Mrs. Marroquin was attending without a face mask. She was forcibly removed by two school officers even though she advised them that she had a medical exemption from wearing a facemask several times. No accommodation was offered. Additionally on September 9th of this year she was issued a Trespassing Citation Warning by the NISD Police Department. Since then, she has been told that if she is found anywhere on campus she will be arrested for trespassing.

Mrs. Marroquin is the parent of two children enrolled at Straus Middle School. She has a medical disability that prevents her from using a mask. She is fully inoculated with the COVID-19 vaccination, and she has natural immunities since having contracted Covid-19 in February of this year. Though she expressed her medical disability to the officers removing her and their failure to recognize and listen to her disability claims, there was a complete failure to offer and accommodation in violation of the ADA (42 U.S.C. § 12101)A Federal law that prohibits discrimination based on disability. To exacerbate the matter, she is now "banned" from the school grounds and her participation and care for her two children that attend the district school is severely impeded. As the mother of the two students, she should not be excluded and prohibited from entering the school grounds to participate in her children's school activities and needs.

Because of the conduct against Mrs. Marroquin there are clear violations of ADA. Additionally, you will recall that the governor of the State of Texas has made it clear that

masks are not mandated in school. You are in violation of the laws of the State of Texas as directed by its governor.

Mrs. Marroquin is a taxpayer to the school district. Demand is hereby made that you rectify this situation and ceased to discriminate against her by forcing her to wear a mask while she is on campus in any building or grounds of NISD, and from prohibiting her from entering the campus where in she has every right to be. Your response must be received within the next five days. I have been instructed to file an action in a competent jurisdiction against the district and its employees that have taken the aforementioned actions against Mrs. Marroquin. Attorney fees and costs will be assessed against you. Needless to say, this will cause the school district additional expense.

Please give this matter your immediate attention.


Very truly yours,

Francisco R. Canseco



**NORTHSIDE INDEPENDENT SCHOOL DISTRICT**
## POLICE DEPARTMENT
5619 Grissom Road
San Antonio, Texas 78238
Tel: (210) 397-8650  •  Fax: (210) 706-7610
www.nisd.net

Brian Woods, Ed.D.
Superintendent



Ray Galindo
Deputy Superintendent

Charles A. Carnes
Chief of Police

August 27, 2021

# <u>EXHIBIT C</u>

Jamie Marroquin
14002 Pikesdale
San Antonio, Texas, 78253

Dear Ms. Jamie Marroquin:
Both the Texas Penal Code and the Texas Education Code authorize school officials to restrict access on school district property in order to protect the educational environment and maintain law and order.

Because of the incident that occurred at the Northside Activity Center on 8/24/2021, you are prohibited from appearing on any NISD Campus or Facility for the remainder of the 2021-2022 School Year. If you fail to abide by the terms of this warning, law enforcement authorities will be notified and you will be subject to arrest and removal from the facility.

I regret this action is deemed necessary. We are charged to maintain a safe and orderly environment for our students, staff and community at all times.

Respectfully,

Ray Galindo
Deputy Superintendent

# <u>EXHIBITD</u>

| | |
|---|---|
| from: | **Ray Galindo** <<u>ray.galindo@nisd.net</u>> |
| to: | Jamie M <<u>jamiemarroquin9@gmail.com</u>> |
| cc: | Dana Gilbert-Perry <<u>dana.gilbert-perry@nisd.net</u>>, Alma Gonzalez <<u>alma.gonzalez@nisd.net</u>>, Charlie Carnes <<u>charlie.carnes@nisd.net</u>>, Eric Tobias <<u>eric.tobias@nisd.net</u>>, Alex Villareal <<u>alex.villareal@nisd.net</u>>, Shawn Mckenzie <<u>shawn.mckenzie@nisd.net</u>>, Robert Harris <<u>robert.harris@nisd.net</u>> |
| date: | Sep 30,2021, 1:39 PM |
| subject: | CTW Status |
| mailed-by: | <u>nisd.net</u> |
| signed-by: | <u>nisd.net</u> |

Mrs. Marroquin,

It has been reported to me that your behavior at one of our facilities yesterday was not acceptable.

While picking up your child(ren) yesterday afternoon, reports indicate that you were confrontational and disrespectful with NISD staff.

Therefore, you may NOT attend today's game at Harlan HS, nor will you be allowed to attend future events until further notice.

My assistant will follow up with you via telephone to ensure this message is received.

Ray Galindo
Deputy Superintendent for Administration
Northside ISD
5900 Evers Road

# <u>EXHIBITF</u>

## IN THE SUPREME COURT OF TEXAS

No. 21-0720

IN RE GREG ABBOTT, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE
STATE OF TEXAS

On Petition for Writ of Mandamus

**ORDERED:**

1.　Relator's emergency motion for temporary relief, filed August 23, 2021, is granted. The order on Appellees' Rule 29.3 Emergency Motion for Temporary Order to Maintain Temporary Injunction in Effect Pending Disposition of Interlocutory Appeal, filed August 17, 2021, in Cause No. 04-21-00342-CV, styled *Greg Abbott, in his official capacity as Governor of Texas v. City of San Antonio and County of Bexar*, in the Court of Appeals for the Fourth Judicial District, dated August 19, 2021, is stayed pending further order of this Court.

2.　As we previously held in staying the trial court's temporary restraining order in the underlying case, the court of appeals' order alters the status quo preceding this controversy, and its effect is therefore stayed pending that court's decision on the merits of the appeal. *See In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004). This case, and others like it, are not about whether people should wear masks or whether the government should make them do it. Rather, these cases ask courts to determine which government officials have the legal authority to decide what the government's position on such questions will be. The status quo, for many months, has been gubernatorial oversight of such decisions at both the state and local levels. That status quo should remain in place while the court of appeals, and potentially this Court, examine the parties' merits arguments to determine whether plaintiffs have demonstrated a probable right to the relief sought.

3.　The petition for writ of mandamus remains pending before this Court.

FILE COPY

Done at the City of Austin, this Thursday, August 26, 2021.

BLAKE A. HAWTHORNE, CLERK
SUPREME COURT OF TEXAS

BY CLAUDIA JENKS, CHIEF DEPUTY CLERK

San Antonio, TX 78238-1699
(210)5'97-8771
ray.galindo@nisd.net

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Francisco Canseco on behalf of Francisco Canseco
Bar No. 3759600
frcanseco@gmail.com
Envelope ID: 58169253
Status as of 10/20/2021 8:42 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cesar A.Montalvo | | cesar@camlaw.legal | 10/13/2021 9:30:40 PM | SENT |

# EXHIBIT 6

FILED
10/14/2021 12:15 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Brenda Trujillo
Bexar County - 285th District Court

**Cause N0. 2021-CI-21250**

| | |
|---|---|
| **JAMIE MARROQUIN, Individually and as Next Friend of Minor children, J.M.M and J.M.** *Plaintiff(s),* | IN THE DISTRICT COURT |
| **V.** | 285th JUDICIAL DISTRICT |
| **NORTHSIDE INDEPENDENT SCHOOL DISTRICT, ET AL.,** *Defendants,* | BEXAR COUNTY, TEXAS |

<u>**TEMPORARY RESTRAINING ORDER**</u>

On _____, 2021 the Application for a Temporary Restraining Order of JAMIE MARROQUIN, Individually and as Next Friend of Minor children, J.M.M and J.M. Plaintiff herein, are heard before this court.

Based upon the pleadings, records, documents filed by counsel, and the arguments of counsel at the hearing, IT CLEARLY APPEARS:

That unless NORTHSIDE INDEPENDENT SCHOOL DISTRICT, its Superintendents, Defendants, its officers, agents, servants, employees, teachers, successors and assigns, and attorneys, are immediately restrained from:

1.  denying the Plaintiff access to the Defendant's school properties and grounds where her children are attending either for educational, extra-curricular, athletic or social purposes, or from restricting her access to any meetings of the school board or any of its committees for any reason or from speaking there at in a peaceable manner to address the Defendant's official bodies, agents, school principals, teachers school officers and official in Plaintiff's capacity as a parent, taxpayer and constituent of the Defendant,

2.  from taking any actions to enforce the mask policy, or any iteration thereof against Plaintiffs, including but not limited to, permitting Plaintiffs access to school without a mask.

1

3. Plaintiffs will suffer irreparable harm if the Defendants are not restrained immediately and there is no adequate remedy at law to grant Plaintiffs complete, final and equal relief.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED NORTHSIDE INDEPENDENT SCHOOL DISTRICT, Defendant herein, its officers agents and assigns, and all of Defendants' officers, agents, servants, employees, successors and assigns, and attorneys are ORDERED to immediately cease and desist from:

1. denying the Plaintiff access to the Defendant's School Grounds where her children are attending either for educational, extra-curricular, athletic or social purposes, or from restricting her access to any meetings of the school board or any of its committees for any reason or from speaking there at in a peaceable manner to address the Defendant's official bodies, agents, school principals, teachers school officers and official in Plaintiff's capacity as a parent, taxpayer and constituent of the Defendant, from the date of entry of this order until fourteen (14) days thereafter, or until further order of this Court.

2. from taking any actions to enforce the mask policy, or any iteration thereof against Plaintiffs, including but not limited to, permitting Plaintiffs access to school without a mask, from the date of entry of this order until fourteen (14) days thereafter, or until further order of this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Application for Temporary Injunction be heard on 28th of October 2021 at ___9:00___ A.M in the _____.Defendants, Northside Independent School District and it Superintendent are commanded to appear at that time and show cause, if any exist, why a Temporary Restraining Order should not be issued against said Defendants.

The clerk of the above-entitled court shall issue a Temporary Restraining Order in conformity with the law and the terms of this order upon the filing by Plaintiff of the bond hereinafter set.

This order shall not be effective until Plaintiff deposits with the Clerk, a bond in the amount of $_____ in conformity with the law.

SIGNED and ENTERED on _____ at _____ ___.M.

_____
PRESIDING JUDGE

_____
Francisco R. Canseco
Attorney for Plaintiffs
State Bar No. 03759600
frcanseco@gmail.com
19 Jackson Court
San Antonio, Texas 78230
210.901.4279

3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Francisco Canseco on behalf of Francisco Canseco
Bar No. 3759600
frcanseco@gmail.com
Envelope ID: 58187197
Status as of 10/14/2021 3:37 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cesar A.Montalvo | | cesar@camlaw.legal | 10/14/202112:15:39 PM | SENT |

# EXHIBIT 7

CAUSE NO. **2021CI-21250**

| | |
|---|---|
| **JAMIE MARROQUIN, Individually and as** | § **IN THE DISTRICT COURT** |
| **Next Friend of Minor children, J.M.M** | § |
| **and J.M.** | § |
| **Plaintiffs,** | § **285th JUDICIAL DISTRICT** |
| **V.** | § |
| | § |
| **NORTHSIDE INDEPENDENT** | § |
| **SCHOOL DISTRICT ET AL.,** | § **BEXAR COUNTY, TEXAS** |
| **Defendants,** | |

**ORDER GRANTING**
**PLAINTIFFS' MOTION TO SUBSTITUTE COUNSEL**

On the date signed below, this Court considered Plaintiffs', JAMIE MARROQUIN,

Individually and as Next Friend of Minor children, J.M.M and J.M., Motion for Substitution of

Counsel.

IT IS ORDERED THAT Cesar Andres Montalvois hereby granted leave to withdraw as

attorney of record for Plaintiffs JAMIE MARROQUIN, Individually and as Next Friend of Minor

children, J.M.M and J.M..

IT IS FURTHER ORDERED that the following attorneys be substituted as attorney of

record for Plaintiffs, JAMIE MARROQUIN, Individually and as Next Friend of Minor children,

J.M.M and J.M.

Francisco R. Canseco
State Bar No. 03759600
19 Jackson Court
San Antonio, TX 78230
(210) 901.4279
frcanseco@gmail.com

OCT 1 4 2021

Signed on: October _____, 2021

JUDGE PRESIDING
Mary Lou Alvarez
Presiding Judge
45th District Court
Bexar County, Texas

**APPROVED AS TO FORM:**

_____ _By Email_ n/a

Cesar A. Montalvo
Email: information@camlaw.legal
1175 W. Bitters Rd.
Ste. 1106
San Antonio, TX 78216
Tel. (210) 296-5605
Fax. (210) 941-0777

**ATTORNEY WITHDRAWING**
**FOR Plaintiffs,** JAMIE MARROQUIN, Individually and as Next Friend of Minor children,
J.M.M and J.M.

_____

Francisco R. Canseco
State Bar No. 03759600
19 Jackson Court
San Antonio, TX 78230
210.901.4279
frcanseco@gmail.com
**ATTORNEYS SUBSTITUTING**
**FOR** JAMIE MARROQUIN, Individually and as Next Friend of Minor children, J.M.M and
J.M._____

2

# EXHIBIT 8

Cause N0. 2021-CI-21250

| | |
|---|---|
| JAMIE MARROQUIN, Individually and as Next Friend of Minor children, J.M.M and J.M. *Plaintiffs,* | IN THE DISTRICT COURT |
| V. | 285th JUDICIAL DISTRICT |
| NORTHSIDE INDEPENDENT SCHOOL DISTRICT, ET AL., *Defendants,* | BEXAR COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER

On _____, 2021 the Application for a Temporary Restraining Order of JAMIE MARROQUIN, Individually and as Next Friend of Minor children, J.M.M and J.M. Plaintiff herein, are heard before this court.

Based upon the pleadings, records, documents filed by counsel, and the arguments of counsel at the hearing, IT CLEARLY APPEARS:

That unless NORTHSIDE INDEPENDENT SCHOOL DISTRICT, its Superintendents, Defendants, its officers, agents, servants, employees, teachers, successors and assigns, and attorneys, are immediately restrained from:

1.  denying the Plaintiff access to the Defendant's school properties and grounds where her children are attending either for educational, extra-curricular, athletic or social purposes, or from restricting her access to any meetings of the school board or any of its committees for any reason or from speaking there at in a peaceable manner to address the Defendant's official bodies, agents, school principals, teachers school officers and official in Plaintiff's capacity as a parent, taxpayer and constituent of the Defendant,

2.  from taking any actions to enforce the mask policy, or any iteration thereof against Plaintiffs, including but not limited to, permitting Plaintiffs access to school without a mask.

1

3.  Plaintiffs will suffer irreparable harm if the Defendants are not restrained immediately and there is no adequate remedy at law to grant Plaintiffs complete, final and equal relief.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED NORTHSIDE INDEPENDENT SCHOOL DISTRICT, Defendant herein, its officers agents and assigns, and all of Defendants' officers, agents, servants, employees, successors and assigns, and attorneys are ORDERED to immediately cease and desist from:

  1.  denying the Plaintiff access to the Defendant's School Grounds where her children are attending either for educational, extra-curricular, athletic or social purposes, or from restricting her access to any meetings of the school board or any of its committees for any reason or from speaking there at in a peaceable manner to address the Defendant's official bodies, agents, school principals, teachers school officers and official in Plaintiff's capacity as a parent, taxpayer and constituent of the Defendant, from the date of entry of this order until fourteen (14) days thereafter, or until further order of this Court.

  2.  from taking any actions to enforce the mask policy, or any iteration thereof against Plaintiffs, including but not limited to, permitting Plaintiffs access to school without a mask, from the date of entry of this order until fourteen (14) days thereafter, or until further order of this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Application for Temporary Injunction be heard on 28th of October 2021 at __9:00__ A.M in the ____PRESIDING COURT. RM 1.09____. Defendants, Northside Independent School District and it Superintendent are commanded to appear at that time and show cause, if any exist, why a Temporary Restraining Order should not be issued against said Defendants.

The clerk of the above-entitled court shall issue a Temporary Restraining Order in conformity with the law and the terms of this order upon the filing by Plaintiff of the bond hereinafter set.

This order shall not be effective until Plaintiff deposits with the Clerk, a bond in the amount of $_____ in conformity with the law.

SIGNED and ENTERED on _____OCT 1 4 2021_____ a 3:06P .M.

PRESIDING J U D G E

Francisco R.Canseco
Attorney for Plaintiffs
State Bar No. 03759600
frcanscco@gmail.com
19 Jackson Court
San Antonio, Texas 78230
210.901.4279

Mary Lou Alvarez
Presiding Judge
45th District Court
Bexar County, Texas

3

# EXHIBIT 9

Virtual Hrg
GJNs

# JUDGE'S NOTES

Page _____

CASE NO. 2021-CI-21250   COURT  285th

CRT

All future Judge's notations must be done on this form.

Jamie Nicole Mar guan V S Northside Independent School District ETAL

| DATE OF NOTE/S | NOTE | JUDGE INITIALS |
|---|---|---|
| 10-14-2021 | Π — Francisco Canseco<br>C/R = Linda Hernandez | MLA |
| | ○ TRO DENIED—No Notice to NISD Attys as the practice Standing<br>— No evidence of I/R Harm<br>T I Hrg Date Requested — Granted | |
| | T I granted 10-28-2021 O9AM<br>—Presiding Ct via ZOOM | |

FILED
DISTRICT CLERK
BEXAR CO. TEXAS
21 OCT 15 AM 8: 21
2091
DEPUTY
BY

# EXHIBIT 10

Cause N0. 2021-CI-21250

| | |
|---|---|
| **JAMIE MARROQUIN, Individually and as Next Friend of Minor children, J.M.M and J.M.** *Plaintiffs,* | IN THE DISTRICT COURT |
| **V.** | 285th JUDICIAL DISTRICT |
| **NORTHSIDE INDEPENDENT SCHOOL DISTRICT, ET AL.,** *Defendants,* | BEXAR COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER

On ~~September~~ *October 14*, 13, 20, 2021 the Application for a Temporary Restraining Order of JAMIE MARROQUIN, Individually and as Next Friend of Minor children, J.M.M and J.M. Plaintiff herein, was heard before this court.

Based upon the pleadings, records, documents filed by counsel, and the arguments of counsel at the hearing, The court DENIES Plaintiff's request for a Temporary Restraining Order.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiffs' Application for Temporary Injunction *shall* be heard on 28th of October 2021 at   9:00   A.M in the *Presiding Court via Zoom 1174 917 8956 796* Defendants, Northside Independent School District and *See Ex A* RM 1.09 it Superintendent are commanded to appear at that time and show cause, if any exist, why a Temporary Injunction should not be issued against said Defendants.

The clerk of the above-entitled court shall issue Orders in conformity with the law and the terms of this order.

SIGNED and ENTERED on _____ OCT 1 5 2021 ___ at *3:09* P.M.

_____
PRESIDING JUDGE

**Mary Lou Alvarez**
**Presiding Judge**
**45th District Court**
**Bexar County, Texas**

1

Francisco R. Canseco
Attorney for Plaintiffs
State Bar No. 03759600
frcanseco@gmail.com
19 Jackson Court
San Antonio, Texas 78230
210.901.4279

Cause N0. 2021-CI-21250

| | |
|---|---|
| JAMIE MARROQUIN, Individually and as Next Friend of Minor children, J.M.M and J.M. *Plaintiff's,* | IN THE DISTRICT COURT |
| V. | 285th JUDICIAL DISTRICT |
| NORTHSIDE INDEPENDENT SCHOOL DISTRICT, ET AL, *Defendants,* S | BEXAR COUNTY, TEXA |

### NOTICE OF HEARING IN COMPLIANCE WITH COVID-19 COURT OPERATIONS PLAN

Notice of Setting Petitioner's Motion for Temporary Injuction is set for hearing on October 28, 2021, at 9:00 am in the Bexar County Civil District Presiding Court, 100 Dolorosa, San Antonio, Texas, 78205.

**You do not need to go to the Courthouse.** The hearing will be conducted remotely on Zoom. You may participate in the hearing using a telephone call-in number or by logging on to Zoom.

YOU MUST ATTEND THE PRESIDING COURT DOCKET CALL BY ZOOM AT THE TIME INDICATED ABOVE.

The link to the Presiding Court Zoom is https://zoom.us/my/bexar presidingcourtzoom. The Presiding Court Zoom meeting ID is 917-895-6796. If you are unable to log on you can call the Zoom telephone access number for Presiding Court at 1 (346) 248-7799. You will need to input the Presiding Court Zoom access code: 917-895-6796.

1. The time announcement: 30 minutes.
2. Telephone numbers for all attorneys or self-represented litigants: John Smith (210) 234-5678 Jane Anderson (210) 345-6789.

   *NOTE: You must include information for all parties, not just yourself. Including information*

   *for all participants is very helpful.*

3. Email addresses for all attorneys and self-represented litigants: jsmith@email.com janderson@email.com

Ex A

*NOTE: You must include information for all parties, not just yourself. Including information*

*for all participants is very helpful.*

4. Whether the party is ready or not: Plaintiffs are ready.
5. Whether an interpreter is required: No interpreter needed.

*NOTE: For languages other than Spanish interpretation, please make arrangements with court administration a minimum of five (5) business days in advance of the hearing at (210) 335-2300.*

6. The number of witnesses to be called: Five witnesses.
7. The total number of participants in the call: Seven persons will participate in the hearing.
8. Whether a record is required: A record is required.

_____/S/_____
Francisco R. Canseco
Attorney for Plaintiffs
State Bar No. 03759600
frcanseco@gmail.com
19 Jackson Court
San Antonio, Texas 78230
210.901.4279

# EXHIBIT 11

FILED
10/18/2021 2:20 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Brenda Carrillo
Bexar County - 285th District Court



Cause Number: 2021-CI-21256

District Court : 285th

# Mary Angie Garcia
# Bexar County District Clerk

cit/ notc

## Request for Process

Style: Jamie Marroquin, Ind,and as NF    Vs. Northside Independent School District,

**Request the following process:** (Please check all that Apply)

■ Citation ■ Notice ■ Temporary Restraining Order ☐ Notice of Temporary Protective Order
☐ Temporary Protective Order ☐ Precept with hearing ☐ Precept with*out* a hearing ☐ Writ of Attachment
☐ Writ of Habeas Corpus ☐ Writ of Garnishment ☐ Writ of Sequestration ☐ Capias ☐ Other: _____

**1.**
Name: NORTHSIDE INDEPENDENT SCHOOL DISTRICT
Registered Agent/By Serving: Brian Woods, Its Superintendent
Address 5619 GrissomRoad, San Antonio, Bexar County, Texas, 78238
Service Type: (Check One) ☐*Private Process* ■*Sheriff* ☐*Publication* (Check One) ☐*Commercial Recorder* ☐*Hart Beat* ☐*Courthouse Door*
☐*Certified Mail* ☐ *Registered Mail* ☐*Out of County* ☐*Secretary of State* ☐*Commissioner of Insurance*

**2.**
Name: _____
Registered Agent/By Serving: _____
Address _____
Service Type: (Check One) ☐*Private Process* ☐*Sheriff* ☐*Publication* (Check One) ☐*Commercial Recorder* ☐*Hart Beat* ☐*Courthouse Door*
☐*Certified Mail* ☐ *Registered Mail* ☐*Out of County* ☐*Secretary of State* ☐*Commissioner of Insurance*

**3.**
Name: _____
Registered Agent/By Serving: _____
Address _____
Service Type: (Check One) ☐*Private Process* ☐*Sheriff* ☐*Publication* (Check One) ☐*Commercial Recorder* ☐*Hart Beat* ☐*Courthouse Door*
☐*Certified Mail* ☐ *Registered Mail* ☐*Out of County* ☐*Secretary of State* ☐*Commissioner of Insurance*

**4.**
Name: _____
Registered Agent/By Serving: _____
Address _____
Service Type: (Check One) ☐*Private Process* ☐*Sheriff* ☐*Publication* (Check One) ☐*Commercial Recorder* ☐*Hart Beat* ☐*Courthouse Door*
☐*Certified Mail* ☐ *Registered Mail* ☐*Out of County* ☐*Secretary of State* ☐*Commissioner of Insurance*

Title of Document/Pleading to be Attached to Process: Plaintiffs's Amended Original Petition for Temporary Temporary and Permanent Injunction and Declaratory Judgment

Name of Attorney/Prose: Francisco R. Canseco    Bar Number: 03759600
Address: 19 Jackson Court, San Antonio, Tx 78230    Phone Number: 210.901.4279X

Attorney for Plaintiff X_____    Defendant _____ Other _____

*****IF SERVICE IS NOT PICKED UP WITHIN 14 BUSINESS DAYS, SERVICE WILL BE DESTROYED*****

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Francisco Canseco on behalf of Francisco Canseco
BarNo.3759600
frcanseco@gmail.com
Envelope ID: 58282935
Status as of 10/18/2021 3:53 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cesar A.Montalvo | | cesar@camlaw.legal | 10/18/2021 2:20:17 PM | SENT |

# EXHIBIT 12

SHERIFF

**Case Number:  2021CI21250**

Jamie Nicole Marroquin VS Northside Independent School District ET AL
(Note: Attached Document May Contain Additional Litigants)

IN THE **285TH DISTRICT COURT**
BEXAR COUNTY, TEXAS

<u>CITATION</u>

"THE STATE OF TEXAS"

Directed To:    **NORTHSIDE INDEPENDENT SCHOOL DISTRICT**
**BY SERVING ITS SUPERINTENDENT, DR BRIANT WOODS**
**5619 GRISSOM ROAD**
**SAN ANTONIO, TX 78238**

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this CITATION and PETITION a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org" Said ORIGINAL PETITION FOR DECLARATORY JUDGMENT, **APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND APPLICATION FOR TEMPORARY AND PERMAMANT INJUNCTION** was filed **on this the 6th day of October, 2021.**

ISSUED UNDER MY HAND AND SEAL OF SAID COURT on this the 18th day of October, 2021.

**FRANCISCO R CANSECO**
**ATTORNEY FOR PLAINTIFF**
**19 JACKSON COURT**
**SAN ANTONIO TX 78230**



**Mary Angie Garcia**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**

San Antonio, Texas 78205
By:/s/ <u>Leticia Leija</u>
Leticia Leija, Deputy

---

JAMIE NICOLE MARROQUIN VS NORTHSIDE INDEPENDENT SCHOOL DISTRICT ET AL

Case Number: 2021CI21250
285th District Court

**Officer's Return**

I received this CITATION on the _____ day of _____ ,20_____ at _____ o'clock ____M. and ( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION FOR DECLARATORY JUDGMENT, APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND APPLICATION FOR TEMPORARY AND PERMAMANT INJUNCTION the date of delivery endorsed on it to the defendant _____ in person on the _____ day of _____, 20_____ at _____ o'clock ____ M. at _____ or( ) not executed because _____ .

Fees: _____ Badge/PPS#: _____ Date certification expires: _____

_____ County,

Texas

BY:

_____

OR: VERIFICATION OF RETURN (if not served by a peace officer) SWORN TO THIS _____

_____

**NOTARY PUBLIC, STATE OF TEXAS**

OR: My name is _____ , m y date of birth is _____ , a n d my address is _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____ ,A.D., _____ .

_____
**Declarant**

SHERIFF

Case Number: 2021CI21250

Jamie Nicole Marroquin VS Northside Independent School District ET AL

IN THE 285th District Court
BEXAR COUNTY, TEXAS

(Note: Attached Document May Contain Additional Litigants.)

**Notice**

"THE STATE OF TEXAS"

Directed To:     NORTHSIDE INDEPENDENT SCHOOL DISTRICT
BY SERVING ITS SUPERINTENDENT, DR BRIANT WOODS
5619 GRISSOM ROAD  SAN ANTONIO, TX 78238

YOU ARE HEREBY NOTIFIED TO APPEAR before the PRESIDING Judicial Court, in and for Bexar County, Texas, at the Courthouse in San Antonio, Texas, on the 28th day of October, 2021 at 9:00 AM in Room 1.09, then and there to answer to said TEMPORARY RESTRAINING ORDER.

This Notice may be served by any Peace Officer of the State of Texas. Said officer shall herein fail not, but make due return hereof as the law requires.

WITNESS, MARY ANGIE GARCIA, CLERK OF THE DISTRICT COURTS OF BEXAR COUNTY, TEXAS, ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT OFFICE IN THE CITY OF SAN ANTONIO, TEXAS THIS 10/18/2021.

FRANCISCO R CANSECO
ATTORNEY FOR PETITIONER
19 JACKSON COURT
SAN ANTONIO TX  78230



Mary Angie Garcia
**Bexar County District Clerk**
**101 Nueva, Suite 217**
**San Antonio, Texas 78205**

By:  Leticia Leija
Leticia Leija, Deputy

| Jamie Nicole Marroquin VS Northside Independent School District ET AL | Officer's Return | Case Number: 2021CI21250 Court: 285th District Court |
|---|---|---|

I received this NOTICE on the _____ day of _____, 20_____ at _____ o'clock ____ M. and ( )executed it by delivering a copy of the NOTICE with attached TEMPORARY RESTRAINING ORDER on the date of delivery endorsed and to _____

_____ inperson onthe _____day of _____, 2 0 ____ at _____ o'c lock ____ M. at
_____ or ( )notexecutedbecause _____

Fees: _____ Badge/PPS #: _____ Date certification expires: _____

_____ County,Texas
BY: _____
OR: VERIFICATION OF RETURN (if not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____ ,my date of birth is _____ , and my address is
____ ____ ____ ____ ____ ____ ____ ____ ____ ____ ____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____ ,A.D., _____.

_____
Declarant